IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| AGATHA HARRIS, #109 395 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-102-ID |
| | | (WO) |
| PRISON HEALTH SERVICES, INC., *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Pending before the court is Plaintiff's Motion for Leave to File a Second Amended Complaint. Plaintiff seeks leave to amend his complaint to add a claim of retaliation. Specifically, Plaintiff maintains that Defendant Munroe engaged in conduct which reflected his desire to "seek[] revenge" as a result of Plaintiff reporting an injury which occurred on Officer Munroe's shift, *i.e.*, first shift, to officers on the second shift. Plaintiff provides examples of Defendant Munroe's alleged retaliatory acts which include:

• Verbally harassing Plaintiff by telling him nobody liked him and that he stole everything he got his hands on;

• Ordering Plaintiff to clean the cell of an inmate who had a habit of smearing feces around his cell and then turning on the heat rather than the air conditioner;

• Hitting and/or smashing the ping pong ball when Plaintiff and Officer Munroe

played ping pong and thereafter making Plaintiff retrieve the ball in the hot sun.

Plaintiff's second request for leave to amend his complaint has been read, considered, and shall be denied. Plaintiff's allegations of retaliation do not state a viable § 1983 claim. *See Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir.1984) (naked assertions of a conspiracy are insufficient to state a claim under § 1983); *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) ( conclusory allegations of retaliation will not support a § 1983 claim; inmate must allege "a chronology of events from which retaliation may plausibly be inferred."); *Bennett v. Goord*, 343 F.3d 133, 137 (2nd Cir. 2003) (because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations."); *see also McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983) (verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation);  *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (same).

In light of the foregoing, it is

ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. No. 25) be and is hereby DENIED.

Done, this 9th day of May 2007.

    /s/  Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE